

FILED
AUG 1 3 2014
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DENNIS R. SUND, | \* | CIV. 14-4031 |
| Plaintiff, | \* | |
| vs. | \* | ORDER ON MOTION |
| DR. CARPENTER, Director of Health and Human Services, in his individual and official capacity; BOARD OF DIRECTORS AT DEPARTMENT OF CORRECTIONS HEALTH SERVICES (names unknown), each in their individual and official capacities; DR. REGIER, Chief Medical Physician of Department of Corrections, in his individual and official capacity; UNKNOWN PHYSICIAN ASSISTANTS; and P.A. RYAN MANSON, all in their individual and official capacities, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Sund has filed a letter which is considered a motion to appoint counsel and a "'Motion For Discovery' please be resubmitted to the Court for Reconsideration. . . .'"(Doc. 15). On June 18, 2014, an Order was filed denying Sund's motion (Doc. 10) directed to some defendants to provide names and addresses of various other named defendants. (Doc. 12). The Order was filed because Sund had not served any of the defendants, so they could not be ordered to do anything because none of them were subject to the jurisdiction the court. On August 8, 2014, the Clerk of Court issued summons to the U.S. Marshal to be served on the defendants. None have yet been served, so none of the defendants are subject to the jurisdiction of the court so none of them can yet be ordered by the court to do anything.

Plaintiff also requests the court reconsider its earlier denial of court appointed counsel to represent him. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Plaintiff would likely benefit from the assistance of counsel because he is not trained in the law. The court would not benefit from the assistance of counsel at this point in the proceedings. This case is not factually complex. Plaintiff is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be legally complex at this point in the proceedings.

IT IS ORDERED:

Sund's motion to reconsider (Doc. 15) is GRANTED, but upon reconsideration his Motion for Discovery is DENIED and his motion for appointment of counsel is DENIED without prejudice.

Dated this 13 day of August, 2014.

BY THE COURT:

John E. Simko
United States Magistrate Judge