UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DENNIS R. SUND,<br><br>    Plaintiff,<br><br> vs.<br><br>DR. CARPENTER, DIRECTOR OF HEALTH AND HUMAN SERVICES, INDIVIDUAL AND OFFICIAL CAPACITY; BOARD OF DIRECTOR'S, DEPARTMENT OF CORRECTIONS HEALTH SERVICES (NAMES UNKNOWN) EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; DR. REIGER, CHIEF MEDICAL PHYSICIAN OF DEPARTMENT OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; PHYSICIAN ASSISTANT'S, DEPARTMENT OF CORRECTIONS (NAMES UNKNOWN), INDIVIDUAL AND OFFICIAL CAPACITY; AND P.A. RYAN MANSON, DOCTOR;<br><br>    Defendants. | 4:14-CV-04031-KES<br><br>ORDER ON MOTIONS<br><br>MOTION TO CHANGE VENUE (DOC. 21)<br><br>THIRD MOTION TO APPOINT COUNSEL (DOC. 22) |

**INTRODUCTION**

Plaintiff, Dennis R. Sund ("Sund"), is a former inmate who was incarcerated at the South Dakota State Penitentiary ("SDSP") in Sioux Falls South Dakota. He has filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging the defendants violated his civil rights. Specifically, Sund alleges the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution and

that the defendants violated his right to equal protection under the Fourteenth Amendment. Sund alleges the defendants, without reasonable investigation or reasoning, denied him necessary medication during his incarceration. Sund asserts the defendants' actions have caused damage to his left leg and that his ability to walk has been lost or greatly diminished. He further alleges that others similarly situated were not denied access to their similar medications. He seeks nominal and punitive damages from each named defendant.

Sund has, as required, paid the initial partial filing fee. Judge Schreier ordered his Complaint to be served upon the defendants. The defendants have filed their Answer and a Rule 16 Scheduling Order was entered on September 22, 2014.

Sund has filed two previous motions for appointment of counsel (Doc. 6 and Doc. 15). Judge Schreier denied the first motion (*see* Order dated April 29, 2014) and Judge Simko denied the second motion (*see* Order dated August 13, 2014). Currently pending are Sund's motion to change venue (Doc. 21) and his third motion for appointment of counsel (Doc. 22).

## DISCUSSION

**A.     Motion for change of venue (Doc. 21)**

At the time he filed his Complaint, Sund was an inmate in the South Dakota State Penitentiary in Sioux Falls. *See* Doc. 1. The events which form the basis of Sund's Complaint occurred at the South Dakota State Penitentiary in Sioux Falls. Sioux Falls is located in Minnehaha County, which is in the Southern Division of the District of South Dakota. *See* 28 U.S.C. § 122.

2

Defendants explain in their Answer that Sund has been released on parole. *See* Doc. 19, p.3 ¶ 9. The docket sheet and Sund's correspondence to the Court indicate Sund now lives in Whitewood, South Dakota. Whitewood is in Lawrence County, which is in the Western Division of the District of South Dakota. *See* 28 U.S.C. § 122. On October 14, 2014, Sund filed a motion for change of venue (Doc. 21). In support of the motion, Sund explains he is "100% disabled . . .and travel for me is quite hard." He asks that his case be moved to the Western Division of the District of South Dakota. He explains his finances are limited, he is not allowed to drive, and could get to the Rapid City federal courthouse for court hearings much more easily than the he could get to Sioux Falls.

**1. Current venue is proper Under 28 U.S.C. § 1391(b)**

"Venue may be proper in any number of districts so long as a substantial part of the events giving rise to the action occurred there. One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." *Barber v. Simpson*, 94 F.3d 648 (8th Cir. 1996 )(unpublished). The statute referenced in *Barber* is 28 U.S.C. § 1391(b). It states:

> **§1391 Venue generally**
> **(b) Venue in general.** A civil action may be brought in—
> (1) A judicial district in which any defendants resides, if all defendants are residents of the State in which the district is located;
> (2) A judicial district in which a substantial part of the events occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) If there is no district in which the action may otherwise be brought as provided in this section, any judicial district in

3

>which any defendant is subject to the court's personal jurisdiction with respect to such action.

"In . . .cases where alleged violations of the laws and Constitution of the United States form the basis for the Court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue . . ." *McMillan v. Walsh*, 2014 WL 314423 (M.D. Pa.) at *2. In *McMillan*, the events giving rise to the plaintiff prisoner's claim occurred in Fayette County, Pennsylvania (Western District of Pennsylvania) and the defendants either resided in or could found there. *McMillan*, 2014 WL 314423 at *3. The plaintiff, however, filed his case in the Middle District. The court transferred the case to the appropriate district. *Id.* at *4. *See also Rix v. Wells*, 2008 WL 4059593 (N.D. Fla.)

*Rix* is also a prisoner civil rights lawsuit. In *Rix* the plaintiff prisoner (Rix) filed suit against prison officials who he claimed opened his legal mail. The incident occurred while Rix was incarcerated in Manatee County, Florida (the Middle District of Florida). After the mail-opening incident, Rix was transferred to a different prison facility --a work camp in Malone, Jackson County, Florida (the Northern District). Rix filed his lawsuit in his then-current location--the Northern District. The case was transferred to the Middle District because:

>In the instant case, the acts or occurrences forming the basis of the complaint occurred in Manatee County, Florida which is located in the Middle District. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this community appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district. . . .

4

*Rix*, 2008 WL 4059593 at *2.

Sund's case was filed in the United States District Court for the District of South Dakota, Southern Division. Pursuant to 28 U.S.C. § 1391(b)(2), the Southern Division is where "a substantial portion of the events occurred . . ." Venue is therefore proper in the United States District Court, District of South Dakota, Southern Division.

### 2. A change of venue is not appropriate under 28 U.S.C. § 1404

Although venue is proper in the Southern Division, Sund's motion to transfer may nevertheless be considered pursuant to 28 U.S.C. § 1404 (a) & (b). That statute provides:

> **§ 1404. Change of venue.**
> **(a)** For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
> **(b)** Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which it is pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

"The district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). The plaintiff prisoner in *Balawajder* filed his case in the Eastern District of Texas, but it was transferred to the Southern District of Texas because "Balawajder's claims arose out of events that . . .occurred at the Ellis 1 Unit, which is

5

located in Walker County in the Southern District of Texas . . . No abuse of discretion has been shown." *Balawajder,* 160 F.3d at 1067.

There are three general categories of factors the Court must consider when deciding a motion to transfer:  (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  *Terra Intl, Inc. v. Mississippi Chemical Corp.*, 119 F.3d  688, 691 (8th Cir. 1997); 28 U.S.C. § 1404(a).  "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors.  Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Intl.,* 119 F.3d  at 691.  In footnote 3, the *Rix* court acknowledged that while a plaintiff's choice of forum is "ordinarily given consideration . . .where operative facts underlying the cause of action did not occur within the forum chosen by plaintiff, the choice of forum is entitled to less consideration."  *Rix,* 2008 WL 4059593 at *2, fn. 3 (citations omitted).

To satisfy the "heavy burden" that rests with a movant requesting a transfer pursuant to 28 U.S.C. 1404(a), "the movant must demonstrate that the relevant factors weigh 'strongly' in its favor*." Austin v. Nestle USA, Inc.,* 677 F. Supp. 2d 1134, 1137 (D. Minn. 2009).  The burden is not as heavy, however, when the movant requests a transfer pursuant to 28 U.S.C. § 1404(b): "[i]ntradistrict transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under 28 U.S.C. §1404(a) but are judged by a less rigorous standard." *Edwards v. Sanyo Mfg. Corp.*, No. CV

6

00293-WRW, 2007 WL 641412, at *1 (E.D. Ark. Feb. 27, 2007); *see also Johnson v. Burlington-Northern, Inc.*, 480 F. Supp. 259, 260 (W.D. Mo. 1979); *Cottier v. Schaeffer*, No. 11-5026-JLV, 2011 WL 3502491 at *1 (D.S.D. Aug. 10, 2011).

While a change of venue to the Western Division would be more convenient for Sund, the remaining factors weigh against a transfer. Sund has filed suit against several prison officials who provided him medical care while he was incarcerated in the Southern Division. The facts underlying the cause of action occurred while Sund was incarcerated in the Southern Division. Venue is proper in the Southern Division. The convenience of all the parties and witnesses other than Sund would be served by holding the proceedings in the Southern Division. For all of these reasons, Sund's motion to change venue (Doc. 21) will be DENIED. However, the Court will entertain a future motion by Sund to appear via video from the Rapid City courthouse for a scheduled hearing if the circumstances of the hearing lend themselves to a video appearance by Sund. In addition, the court advises Mr. Sund that he may file pleadings in his case at the Rapid City federal courthouse.

**B. Third motion for appointment of counsel (Doc. 22)**

In his third motion for appointment of counsel, Sund reiterates that he is uneducated and untrained in the law. He also emphasizes he has made "numerous attempts" to find an attorney but cannot find one willing to represent him pro bono. These types of obstacles, however are no different than those faced by any other indigent prison litigant who wishes to file a civil

7

suit and they have already been considered by Judge Schreier and Judge Simko in Sund's case.  *See also Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006)(no constitutional or statutory right to appointed counsel in civil cases). For the same reasons already articulated by Judge Schreier and Judge Simko, Sund's third motion for appointment of counsel (Doc. 22) will likewise be DENIED.

## CONCLUSION and ORDER

For the reasons more fully explained above, it is ORDERED:

(1) Sund's motion for change of venue (Doc. 21) is DENIED;

(2) Sund's third motion for appointment of counsel (Doc. 22) is DENIED.

DATED this 14th day of November, 2014.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge