UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DENNIS R. SUND,<br><br>  Plaintiff,<br><br>  vs.<br><br>DR. CARPENTER, DIRECTOR OF HEALTH AND HUMAN SERVICES, INDIVIDUAL AND OFFICIAL CAPACITY; BOARD OF DIRECTOR'S, DEPARTMENT OF CORRECTIONS HEALTH SERVICES (NAMES UNKNOWN) EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; DR. REIGER, CHIEF MEDICAL PHYSICIAN OF DEPARTMENT OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; PHYSICIAN ASSISTANT'S, DEPARTMENT OF CORRECTIONS (NAMES UNKNOWN), INDIVIDUAL AND OFFICIAL CAPACITY; AND P.A. RYAN MANSON, DOCTOR;<br><br>  Defendants. | 4:14-CV-04031-KES<br><br>ORDER ON MOTIONS<br><br>MOTION FOR PROTECTIVE ORDER (DOC. 28)<br><br>MOTION TO EXTEND TIME TO FILE DISCOVERY MOTIONS (DOC. 32) |

On December 2, 2014, defendants jointly filed a motion for summary judgment on all of Mr. Sund's claims. See Docket No. 25. If Mr. Sund does not want to have his case dismissed, it is required that he respond to that motion. See FED. R. CIV. P. 56, DSD LR 56.1. The time for doing so—three weeks—has long since lapsed. See DSD LR 7.1(B). Mr. Sund should have filed a response to the motion on or before December 26, 2015. Six weeks have elapsed since that deadline passed. **Notice is hereby given to Mr. Sund that unless he**

**filed a response to defendants' summary judgment motion as required by the Rules of Civil Procedure no later than February 27, 2015, the court will consider defendants' motion on the pleadings filed by defendants alone.  It is entirely possible that dismissal of Mr. Sund's entire lawsuit may result.**[1]  The court previously provided Mr. Sund with copies of the local rules and the federal rules dealing with summary judgment motions.  See Docket No. 20.  Mr. Sund's response must be in compliance with those rules.

After filing their motion for summary judgment, defendants moved for a protective order staying all discovery in this matter until their claim of qualified immunity can be decided by the court.  See Docket No. 28.  Qualified immunity confers immunity from the litigation itself, not just from liability.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The courts have "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage of in litigation."  O'Neil v. City of Iowa City, 496 F.3d 915, 917 (8th Cir. 2007) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).  In light of defendants' motion for summary judgment based in part on qualified immunity, the court grants defendants' motion to stay discovery until that motion is decided.  See Contracting NW, Inc. v. City of Fredericksburg, IA, 713 F.2d 382, 387 (8th Cir. 1983).

---

[1] The court is aware that Mr. Sund has written that he wants the court to deny defendants' summary judgment motion.  See Docket No. 35 at p. 3.  This is an insufficient response to a summary judgment motion.  Mr. Sund was given copies of Federal Rule of Civil Procedure 56 and Local Rule 56.1 at the inception of this case.  It is recommended that he read those rules and conform any response he wishes to file to the requirements of the rules.

Finally, Mr. Sund has filed a motion to extend the discovery deadline in this case.  See Docket No. 32.  That motion is denied as moot.  After the defendants' summary judgment motion is decided, if any of Mr. Sund's claims survive, the court will issue new scheduling deadlines for this case.

Accordingly, it is hereby

ORDERED that Mr. Sund file a response to defendants' summary judgment motion **on or before February 27, 2015**.  Mr. Sund's response must be physically in the clerk's office on or before close of business on February 27, 2015.  It is further

ORDERED that defendants' motion for protective order [Docket No. 28] is granted.  Defendants need not respond to any outstanding discovery served on them and no new discovery shall be served until defendants' motion for summary judgment is decided.  Finally, it is hereby

ORDERED that Mr. Sund's motion to extend the discovery deadline [Docket No. 32] is denied.

DATED February 6, 2014.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge